## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00014-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JIMMY GARRISON,

    Defendant.

---

## ORDER OF DETENTION
---

THIS MATTER came before me for a detention hearing on June 15, 2021. The government requested detention in this case. The defendant did not contest the request for detention, and counsel for the government and defendant presented no argument. I have also considered the Pretrial Services report as well as the entire court docket.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense involving the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), there is a presumption in favor of detention. Here, Defendant has been charged with one count of robbery affecting

interstate commerce and one count of brandishing a firearm in furtherance of a crim of violence. The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the rebuttable presumption of the Act has been triggered.   I find that the defendant has not presented sufficient evidence to rebut the presumption by not contesting detention.

I therefore find by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: June 15, 2021                         BY THE COURT:

*Nina Y. Wang*
Nina Y. Wang
United States Magistrate Judge