IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00014-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JIMMY GARRISON,
2. DAVID TAYLOR, and
3. JAMARIUS JONES,

    Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

The matter is before me on defendant Jimmy Garrison's Unopposed Motion to Exclude 120 Days from the Speedy Trial Calculation and Continue Motions Filing Deadline [Docket No. 32]. Neither the government nor co-defendants David Taylor and Jamarius Jones opposes the motion. *Id*. at 2; Docket No. 35 at 1; Docket 36 at 1.

The trial in this matter is set for August 16, 2021. Docket No. 30 at 1. Based on Mr. Jones' and Mr. Taylor's initial appearances on June 15, 2021 and the filing of Mr. Garrison's motion to exclude on July 2, 2021, I find that there are 53 days left in the speedy trial period.

Mr. Garrison's motion is based the fact that, even though the government provided discovery on June 23, 2021, Mr. Garrison has not had an opportunity to discuss the case with his attorney. Docket No. 32 at 1. Moreover, Mr. Garrison needs additional time to review the discovery, conduct investigations, and file necessary motions. *Id*. at

3. Co-defendant David Taylor, who supports the motion, indicates that the investigation in this case may involve events in both Houston and Denver, Docket No. 36 at 2, which could involve the need for additional time.

Mr. Garrison's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Act requires that a defendant's trial commence within 70 days after the indictment is filed or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant

in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(7)(A). Although my

3

findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'"  *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 120 days is justified and necessary to enable defense counsel to review the discovery, to conduct necessary investigations, to file motions, to consult with his client, and to prepare for trial.

I find that it would be unreasonable to expect adequate preparation by Mr. Garrison, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 120 days from the date of this order should be excluded from the

computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that defendant Jimmy Garrison's Unopposed Motion to Exclude 120 Days from the Speedy Trial Calculation and Continue Motions Filing Deadline [Docket No. 32] is **GRANTED**.  It is further

2. **ORDERED** that the pretrial motions deadline, currently set for July 9, 2021, as well as the response deadline, currently set for July 16, 2021, are vacated.  All pretrial motions shall be filed by **November 8, 2021** and responses to these motions shall be filed by **November 15, 2021**.  It is further

3. **ORDERED** that the Trial Preparation Conference currently set for August 13, 2021 at 2:30 p.m. is vacated and will be reset for **December 30, 2021 at 1:30 p.m.**  It is further

4. **ORDERED** that the jury trial set for August 16, 2021 is vacated and will be reset for **January 3, 2022 at 8:00 a.m.** for four days.  It is further

5. **ORDERED** that 120 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED July 19, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge