IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal: 1:21-CR-14 (PAB) |
| JIMMY GARRISON, | |
| Defendant. | |

## UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE

Defendant Jimmy Garrison, through undersigned counsel and unopposed by the government, moves this Court to vacate the current trial date of December 6, 2021, exclude 120 days under the Speedy Trial Act, and continue disclosure and motions filing deadlines for 120 days from the current deadlines. In support, counsel states:

### INTRODUCTION

**(1)** Mr. Garrison is charged with violating 18 U.S.C. §1951, Count 1, and violating 18 U.S.C. §924(c), Count 2. Docket Entry Number ("DE") 1.

**(2)** The government provided undersigned with discovery on June 23, 2021, July 12, 2021, August 16, 2021, October 5, 2021, and October 21, 2021. Defense counsel has not had an opportunity to fully review all of that discovery, conduct necessary investigation, or discuss the case with Mr. Garrison in any meaningful way (including potential pretrial motions and defense strategy). Further, the undersigned requested specific discovery on September 16, 2021, and the government is still working on gathering that discovery. The discovery requested on September 16, 2021, is critical to establishing Mr. Garrison's defense to the charges in this case.

**(3)** Mr. Garrison is currently detained. DE 16.

**(4)** The parties have conferred, and the government does not oppose this motion.

## LAW

**(5)** This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

**(6)** In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

**(7)** This Court should exclude 120 days from the speedy trial calculation based on defense counsel's need to (a) obtain and review discovery, (b) conduct additional investigation, (c) draft and file necessary motions, (d) meet with Mr. Garrison, and (e) prepare for trial, if necessary.

**(8)** Additionally, counsel's request for a continuance satisfies the criteria in § 3161(h)(7). The ends of justice served by continuing the trial and excluding 120 days outweigh the best interest of the public and the defendant.

**(9)** As for the *West* factors, counsel has diligently prepared for trial by reviewing the discovery and communicating with his client. Further, the undersigned was scheduled for trial in another case that was supposed to begin on November 1, 2021. However, that case resolved four days prior to the scheduled trial date. Counsel's preparation for that trial has prevented him from fully reviewing the discovery in this case and meeting with Mr. Garrison to discuss that discovery. If the Court grants a 120-day continuance, defense counsel will have time to more fully review all discovery, conduct investigation, and participate in more meaningful attorney-client communication. The government has not asserted that the continuance would cause undue inconvenience, and, in fact, it does not oppose the continuance. And finally, a denial of the continuance would deprive Mr. Garrison of the effective assistance of counsel.

## CONCLUSION

Wherefore, Mr. Garrison respectfully requests this Court for an Order excluding an additional 120 days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the other filing and disclosure deadlines 120 days from the current deadlines.

[*Signature page follows.*]

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

       I hereby certify that on November 8, 2021, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Brian Michael Dunn, AUSA
    Email: brian.dunn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    JIMMY GARRISON (Via U.S. Mail)

                                         s/ Jared Scott Westbroek
                                         JARED SCOTT WESTBROEK
                                         Assistant Federal Public Defender
                                         633 17th Street, Suite 1000
                                         Denver, CO  80202
                                         Telephone:  (303) 294-7002
                                         FAX:  (303) 294-1192
                                         Email:  jared_westbroek@fd.org
                                         Attorney for Defendant