IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0014-PAB-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   JIMMY GARRISON,

Defendant.

## MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO USE EVIDENCE IN ITS CASE-IN-CHIEF AT TRIAL

Defendant Garrison, through court-appointed counsel, Daniel J. Sears, pursuant to F. R. Crim. P. Rule 12(b)(4)(B), respectfully requests this Honorable Court to order the United States to provide notice to Defendant Garrison of its intent to use evidence in its case-in-chief at trial against him which he may be entitled to discover under F. R. Crim. P. Rule 16. Defendant Garrison requests such notice so that he has an adequate opportunity to move to suppress such evidence under F. R. Crim. P. Rule 12(b)(3)(C).

As grounds for said request, Defendant Garrison hereby states as follows:

### STATEMENT OF CASE

On October 30, 2019, at approximately 2:29 PM, three unknown subjects reportedly in a brown or gray Nissan Pathfinder SUV bearing Colorado license plate CVD-251, allegedly robbed a Brinks armored truck as it was servicing an account at the Bank of Colorado, 5201 S. Yosemite Street, Greenwood Village Colorado. Multiple officers with the Greenwood Village police department, later joined by the Federal Bureau of Investigation ("FBI"), the Commerce City Police Department, and the Denver Police

Department ("DPD"), investigated the incident. Multiple applications and orders for search warrants were applied for and issued in the District of Colorado and elsewhere, and evidence was seized as a result, some of which the government likely intends to introduce against Defendant Garrison during the government's case-in-chief at trial.

***a) The search applications and warrants.***

On November 26, 2019, DPD officer William P. Monahan, Jr., assigned to the Rocky Mountain Safe Streets Task Force ("RMSSTF"), executed an application for a search warrant for a 2015 Nissan Pathfinder bearing Colorado license CVD251. Monahan sought to search for and seize any Bluetooth modules and data contained therein. On November 1, 2019, a gray 2015 Nissan Pathfinder with Colorado license CVD251 was located in the 5300 block of South Terrace Park Avenue, Greenwood Village, Colorado.

***i)   Search warrant #1.***

The 2015 Nissan Pathfinder was seized and searched pursuant to a November 7, 2019 search warrant issued by U. S. Magistrate Judge Kristin Mix. A search of the vehicle produced, among other things, $4,000 in cash, an empty plastic Wells Fargo bag, Colorado license plate CVD251, and DNA swabs from a gas cap, the back passenger side door, the front driver door handle, the steering wheel, the gear shift lever, the front passenger door handle, and the rear driver's side door handle. Affiant Monahan, on November 15, 2019, removed the headrests from all four seats of the vehicle. The seized items were submitted to the Denver crime laboratory for forensic testing. On the Return to the search warrant, it is reported that the infotainment system was removed and transported to the Rocky Mountain Regional Forensic Computer lab for data extraction.

Defendant Garrison has not been provided notice of which of these evidentiary items the government intends to introduce against him during its case-in-chief at trial.

### ii)     *Search warrant #2.*

On January 15, 2020, Detective Monahan signed an application for a search warrant for Crowne Plaza Denver, 1450 Glenarm Place, Denver, seeking hotel guest records for Quaylon Brown, David Taylor, Jamarius Jones, Coray Brown, Prentis Delaney and others who checked in between October 27 and 30, 2019, who provided phone numbers (832) 807-3156 or (281) 409-9818, and surveillance footage of various areas of the hotel. Allegations concerning various communications obtained from Quaylon Brown's phones were recited. Notice has not been provided of the items of evidence obtained from the Crown Plaza Denver hotel, or communications obtained from seized cellphones, which the government intends to introduce against the Defendant during its case-in-chief at trial.

### iii)    *Search warrant #3.*

On February 20, 2020, Detective Monahan applied for a search warrant for data associated with (218) 409-9818 stored at Verizon Wireless. Monahan included information relating to investigations of robberies in Texas, and the arrests of eight persons in Louisiana, and the seizure of their cellphones. Communications between Quaylon Brown and David Taylor relating to their activities were included. Defendant Garrison has not been provided notice of whether the prosecution intends to offer any of the evidence obtained from execution of this warrant against Defendant Garrison during its case-in-chief.

### iv)    *Search warrant #4.*

On March 11, 2020, Commerce City police officer Michael Kim applied for a GPS tracking warrant for a Black 2014 Nissan Maxima, Texas license plate KMY 7221, registered to a Justin White. Pretrial discovery has disclosed that government investigators have alleged that due to White's and Garrison's personal association, it is believed that they both participated in the October 30, 2019, Brinks armored truck robbery. Defendant Garrison has been provided no notice of whether the United States intends to offer any evidence obtained from the execution of this warrant against him during its case-in-chief at trial.

### v) Search warrant #5.

On March 17, 2020, Officer Michael Kim applied for a search warrant for GPS data on a Cellular Phone assigned number (281) 733-9616 to be provided by service provider AT&T. The person to whom the phone was registered was identified as Justin White, and the phone was targeted because of numerous calls between it and David Taylor's phone. Defendant Garrison has not been provided notice of whether the government intends to offer any evidence obtained from the execution of this warrant against him during its case-in-chief at trial.

### vi) Search warrant #6.

On May 6, 2020, Commerce City Police Officer Michael Kim signed an application to search a black 2014 Nissan Maxima bearing Texas plate KMY7221, which was registered to Justin White. As noted above, government prosecutors have alleged that, as a result of Defendant's Garrison's association with Justin White, that Garrison and White were both participants in the October 30, 2019 robbery of the Brinks armored truck which led to the return of the indictment in this case. Defendant Garrison has not been

provided notice of whether the government intends to offer any evidence obtained from the execution of this warrant against him during its case-in-chief at trial.

    *vii)*    *Search warrant #7.*

Detective Monahan contacted Houston authorities, and was advised that Garrison's name "was related to" an armored car robbery in Texas on June 8, 2019, and that a gas receipt with Garrison's purported account number was found in a vehicle stolen from the same car lot from which the Nissan used in the Colorado Brinks robbery had purportedly been taken. A search warrant for the Nissan Maxima registered to Justin White was signed by U. S. Magistrate Judge Hegarty on May 6, 2020. Defendant Garrison has been provided no notice of whether the United States intends to offer any evidence against him during its case-in-chief which was obtained from the execution of this warrant, or any evidence gathered from searches by Texas authorities relating to the June 8, 2019 robbery of an armored truck vehicle in Texas.

    *viii)*    *Search warrant #8.*

On June 21, 2020, Denver Police Officer Jared Purdy sought a warrant to obtain buccal swabs from the mouth of Defendant Jimmy Garrison.  The buccal swabs obtained from Garrison's mouth were submitted to the Denver crime laboratory for forensic testing. Defendant Garrison has reason to believe that, but has not been provided notice of whether, evidence developed from the testing of those swabs, or other obtained as a result, will be offered by the government during its case-in-chief at trial.

The pretrial discovery in this case has been voluminous. Applications and orders for search warrants have been sought and executed in various jurisdictions, by diverse law enforcement agencies, in the states of Colorado, Texas, Louisiana, and possibly elsewhere. Though some reports of items searched for and seized by these various law

enforcement agencies have been noted in pretrial discovery, the Defendant likely has not been provided notice of all items that may be discoverable under F. R. Crim. P. Rule 16, and of each those items which the government intends to introduce against him during its case-in-chief.

Defendant Garrison requests notice of any additional items seized by any law enforcement agencies of which the government has not provided pretrial discovery that the government intends to introduce against him during its case-in-chief which were obtained by searches for, and seizures of, evidence with or without warrants in addition to those items seized as a result of the execution the eight warrants cited above.

The Defendant requests this notice so that he has an adequate opportunity to effectively and timely move to suppress such evidence under F. R. Crim. P. Rule 12(b)(3)(C). By providing such notice, the Defendant will be able to focus on the evidence which the government intends to introduce against him during its case-in-chief, and not waste the court's and counsels' time moving to exclude evidence by way of a motion *in limine* or at trial which the government does not intend to offer during its case-in-chief.

The Advisory Committee Notes to Rule 12 relating to the 1974 amendments to the rule read as follows:

> "In cases in which the defendant wishes to know what types of evidence the government intends to use so that he can make his motion to suppress prior to trial, he can request the government to give notice of its intention to use specified evidence which the defendant is entitled to discover under rule 16. <u>Although the defendant is already entitled to discovery of such evidence prior to trial under rule 16, rule 12 makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use</u>." (Emphasis added). F. R. Crim. P. Rule 12, Advisory Committee Notes, 1974 Amendment.

Rule 12(b)(3) delineates those motions that <u>must be made before trial</u>. Rule 12(b)(3)(C) includes motions for suppression of evidence. In the Advisory Committee Notes to the 1993 amendments to Rule 12, the Committee noted that Rule 12(b)(4) "addresses the government's <u>requirement to disclose discoverable information for the purpose of facilitating timely defense objections and motions</u> . . ." (Emphasis added). F. R. Crim. P. Rule 12, Advisory Committee Notes, 1993 Amendment.

Because so many investigators and agencies, either working together or independently, were involved in gathering evidence to use in criminal prosecutions in Colorado and elsewhere, and the volume of discovery of the various investigations in diverse locations is so extensive, Defendant submits that the Court's grant of this motion will enable the defense to effectively prepare his motion to suppress for the Court's full and fair consideration in advance of trial. Moreover, if the requested disclosure is not provided, the Defendant's challenge to the admissibility of that evidence at trial will likely come too late.

WHEREFORE, Defendant Garrison respectfully requests that the Court enter an order that the United States provide notice to the Defendant of its intent to use evidence in its case-in-chief at trial against him which he may be entitled to discover under F. R. Crim. P. Rule 16 so that he has an adequate opportunity to move to suppress such evidence under F. R. Crim. P. Rule 12(b)(3)(C).

        Respectfully submitted,

        s/ Daniel J. Sears
        DANIEL J. SEARS, P. C.
        999 18th Street, Suite 3000
        Denver, CO 80202
        Phone: (303) 357 4639
        FAX: (303) 297 2536
        Email: *djsearspc@aol.com*
        Attorney for Defendant Garrison

## CERTIFICATE OF SERVICE

    I hereby certify that on May 26, 2022, I served upon each of the parties to this action a true and correct copy of the foregoing Motion for Notice of the Government's Intent to Use Evidence In Its Case-In-Chief at Trial by filing said pleading in the CM/ECF document filing system of the U. S. District Court for the District of Colorado.

        s/ Daniel J. Sears
        DANIEL J. SEARS, P. C.
        999 18th Street, Suite 3000
        Denver, CO 80202
        Phone: (303) 357 4639
        FAX: (303) 297 2536
        Email: *djsearspc@aol.com*