IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0014-PAB-1

**UNITED STATES OF AMERICA, Plaintiff,**

v.

1. **JIMMY GARRISON Defendant.**

---

**DEFENDANT GARRISON'S MOTION FOR PRETRIAL PROFFER OF STATEMENTS AND ADMISSIONS TO BE OFFERED UNDER F. R. EVID. RULE 801(d), AND TO ORDER A *JAMES* HEARING**

---

## STATEMENT OF CASE

On January 18, 2022, Defendant Garrison, along with three others, was indicted by a Colorado federal grand jury on five counts charging a violation of the Hobbs Act, 18 U.S.C. §1951(a), and four counts alleging brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii). ECF Document 45 at 1 to 4.

   a) *The investigation*

On October 30, 2019, at approximately 2:29 PM, three unknown subjects reportedly in a brown or gray Nissan Pathfinder SUV bearing Colorado license plate CVD-251 allegedly robbed a Brinks armored truck as it was servicing an account at the Bank of Colorado, 5201 S. Yosemite Street, Greenwood Village Colorado. Multiple officers with the Greenwood Village police department, later joined by the Federal Bureau of Investigations ("FBI"), the Commerce City Police Department, and the Denver Police Department ("DPD"), investigated the incident. During the course of the investigation, multiple applications for, and orders to obtain, the wire and electronic communications of various persons suspected of being involved in various armed robberies in Colorado,

1

Texas, and Louisiana were tendered and acquired. Evidence was gathered in the form of both verbal and written communications by the charged co-defendants, and various other individuals believed-to-be involved in diverse criminal acts in the District of Colorado and elsewhere. Defendant Garrison believes, after reviewing voluminous pretrial discovery materials provided by the government, that the United States will proffer as evidence against Defendant Garrison the acts and declarations of both charged and uncharged co-participants in proving the charges against him in Counts 1 and 2 of the Superseding Indictment. ECF Document 45 at 1-2 of 4.

As an example, on February 20, 2020, Denver Detective Monahan applied for a search warrant for data associated with cellphone (218) 409-9818 stored at Verizon Wireless Communications. In support of probable cause for his request, Monahan alleged information relating to investigations of diverse robberies in the State of Texas and Louisiana, and the arrests of eight persons in Louisiana and seizure of their cellphones. Communications between Quaylon Brown and David Taylor relating to their activities were included. Defendant Garrison has not been provided notice of whether the United States intends to offer any of these communications in proving the charges against Garrison.

On March 17, 2020, Commerce City Police Officer Michael Kim applied for a search warrant for GPS data on a Cellular Phone assigned number (281) 733-9616 to be provided by service provider. The person to whom the phone was registered was identified as Co-defendant Justin White, and the phone was targeted because of numerous calls between it and David Taylor's phone. Defendant Garrison believes that the government may attempt to introduce communications between White and Taylor as declarations of co-conspirators under F. R. Evid. Rule 801(d)(2)(E).

On May 6, 2020, Commerce City Police Officer Michael Kim signed an application to search a black 2014 Nissan Maxima bearing Texas plate KMY7221, which was registered to Justin White, and <u>was similar to</u> a vehicle observed trailing the Brinks truck prior to the Colorado robbery on October 30, 2019. Detective Monahan requested investigators to locate the vehicle and to impound it in the area of E. 6th Avenue and Helena Street, Aurora, where Justin White and a person subsequently identified as Jimmy Garrison were observed exiting a store. Defendant Garrison believes that the government may proffer the declarations of Justin White as co-conspirator declarations against Defendant Garrison under F. R. Evid. Rule 801(d)(2)(E).

On June 21, 2020, Denver Police Officer Jared Purdy sought a warrant to obtain buccal swabs from Jimmy Garrison. He attested to a twenty-one page affidavit in support of the warrant application. Purdy repeated many of the allegations incorporated in the Kim application to search the black 2014 Nissan Maxima registered to Justin White, including various communications of alleged co-participants in the alleged robberies in Colorado, Texas and Louisiana. Text messages from a seized phone of Quaylon Brown and various persons located in Colorado and Texas were recited by Purdy in the affidavit. The government may proffer one or more these communications as declarations of alleged co-conspirators under F. R. Evid. Rule 801(d)(2)(E).

## ARGUMENT I

### THE GOVERNMENT SHOULD BE ORDERED TO DISCLOSE, PRETRIAL, ANY STATEMENTS OR ADMISSIONS THAT IT INTENDS TO OFFER UNDER F. R. EVID. RULE 801(d).

Declarations of co-conspirators qualifying for admission under Rule 801(d)(2)(E), or admissions by a party-opponent, are deemed not to be hearsay. F. R. Evid. Rule

801(d). Therefore, if they are admitted, the declarant need not testify.  Accordingly, the defendant against whom the statements or admissions are admitted has no opportunity to confront and cross-examine the utterer of the statement(s) or declaration(s) at trial.

> ### a) The government should be ordered to disclose pretrial any alleged co-conspirator statements it intends to offer under F. R. Evid. Rule 801(d)(2)(E).

Declarations of an alleged coconspirator may be admitted against a defendant at trial only if the government establishes to the court's satisfaction that: (1) the charged conspiracy existed; (2) both the declarant whose statement is being offered and the defendant against whom the declaration is offered were both members of the conspiracy; and (3) that the proffered statements were made during the course, and in furtherance, of the conspiracy. F. Rule Evid. Rule 801(d)(2)(E). *See United States v. Ramirez*, 479 F.3d 1229, 1248, n. 11 (10th Cir. 2007).  The party offering the declaration of a coconspirator must prove each of these matters by a preponderance of the evidence. *Bourjaily v. United States*, 483 U. S. 171, 176 (1987).

To establish the existence of the charged conspiracy, the government must show, by a preponderance of the evidence, that: "(1) two or more persons agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; and (4) the alleged coconspirators were interdependent." *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006) *citing United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005); *United States v. Owens*, 70 F. 3d 1118, 1123 (10th Cir. 1995), *cert. den.* 525 U.S. 883 (1998), *citing United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. ) [*quoting United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990) *cert. den.* 498 U. S. 1050]. *See also United*

*States v. Perez*, 959 F.2d 164, 167 (10th Cir. 1992) *vac. on other grds.,* 989 F.2d 1574 (10th Cir. 1993) (*en banc*).  It is fundamental law that one does not, without more, become a coconspirator simply by virtue of knowledge of a conspiracy or by simply furthering an object of the conspiracy.  *United States v. Falcone,* 311 U.S. 205, 207 (1940).

The government should be ordered to disclose <u>in advance of</u> a hearing to determine admissibility of coconspirator statements to be offered at trial those statements or declarations that it intends to offer under Rule 801(d)(2)(E). *See e. g.* United States v. Moran-Cardenas, 2012 U.S. Dist. LEXIS 9852 *4 (WD OK 2012).

### b)  *Evidence of admissions of a party should be disclosed pretrial.*

Fed. R. Evid. Rule 801(d)(2) defines several classes of statements that are not hearsay. Such statements include statements made by a party in an individual or in a representative capacity, a statement that a party manifests its adoption or believes such statement to be true, a statement whom a party authorizes to be made, a statement by an agent or employee within the scope of, and during the existence of, such relationship, and a statement during the course, and in furtherance of, a conspiracy. F. R. Evid. Rule 801(d)(2)(A), (B), (C), (D) and (E). The government should be required to disclose in advance of trial any statements that it intends to offer under any one of these subsections.

The pretrial discovery includes a significant number of phone calls of, and text messages by, the various defendants, alleged co-participants and persons involved in similar activities. The government may offer such statements as admissions by a party-opponent, or as statements by an alleged co-conspirator. Defendant Garrison requests that the government be ordered to disclose any of these statements that it intends to offer as evidence under F. R. Evid. Rule 801(d)(2).

Prior to determining whether such statements should be admitted at trial, the defendant must have an opportunity to review the statements, and to offer objections to the admissibility of such statements in advance of trial. Moreover, the court should determine admissibility outside the presence of the jury. F. R. Evid. Rule 104(a) and (c).

## ARGUMENT II

### THE PREFERRED PROCEDURE FOR DETERMINING ADMISSIBILITY IS FOR THE COURT TO CONDUCT A *JAMES* HEARING.

The purpose of a *James* hearing is to establish the existence or nonexistence of the legal predicates for admission of a coconspirator's extrajudicial declarations against another conspirator <u>before the declaration is made known to the jury</u>.  *United States v. Grassi et. al.*, 616 F.2d 1295, 1300 (5th Cir. 1980), *cert. den.* 449 U.S. 956 (1980).  *See United States v. Blechman*, 782 F. Supp.2d 1238, 1260 (D KS 2011). The Court must be able to review the proffered statement to determine whether both the declarant and the defendant were members of the charged conspiracy, and whether the statement was, in fact, made during the course and in furtherance of the charged conspiracy. In order to afford that review, and to allow the defendant the opportunity to make appropriate challenges, the government must be ordered to make a pretrial proffer of the coconspirator declarations that it intends to offer under Rule 801(d)(2)(E). *See United States v. Moran-Cardenas, supra* at *4.

In *United States v. James*, 590 F.2d 575, 582-83 (5th Cir. 1979), *cert. den.* 442 U.S. 917 (1979), the court outlined a procedure for determining whether coconspirator statements meet the requirements of F. R. Evid. Rule 801(d)(2)(E) and can, therefore, be admitted against a defendant at trial. The government, the court declared, bears the burden of proving the existence of the charged conspiracy by substantial evidence

"independent of the hearsay declarations of the coconspirators." *James, supra* at 580-81. The trial court's determination of whether the government has sustained its burden can be made at a pretrial hearing held outside the presence of the jury pursuant to F. R. Evid. Rule 104.

Alternatively, the Fifth Circuit observed that the trial court may conditionally admit the coconspirator statement subject to the requirement that the government will "connect it up" by the end of trial by establishing a sufficient foundation for its admission. *Id.* at 581-82. The danger of adopting this alternative procedure, however, arises when the government fails to properly establish the foundation essential to admissibility, and the jury has then been exposed to improper hearsay evidence that violates a defendant's right of confrontation. Under *James*, the preferred order of presentation is to hold a pretrial *James* hearing "whenever reasonably practicable". *Id.* at 582.

The Tenth Circuit has, on several occasions, opined that the strongly preferred order of proof, while not mandatory, is for the court to hold a *James* hearing outside the presence of the jury to determine whether, by a preponderance of the evidence, the charged conspiracy existed, whether the declarant and the defendant against whom the statements are to be admitted were both members of that conspiracy, and whether the proffered acts and declarations of the coconspirator were made during the course, and in furtherance, of the charged conspiracy. *See e.g. United States v. Townley,* 472 F.3d 1267, 1273 (10th Cir.), *cert. den.,* 551 U.S. 1172 (2007); *United States v. Gonzalez-Montoya,* 161 F.3d 643, 649 (10th Cir. 1998), *cert. den.,* 526 U.S. 1033 (1999); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996); *United States v. Urena*, 27 F.3d 1487, 1490-91 (10th Cir.), *cert. den.,* 513 U.S. 977 (1994); *United States v. Caro*,

7

965 F.2d 1548, 1557 n. 2 (10th Cir. 1992); *United States v. Hernandez*, 829 F.2d 988, 993-94 (10th Cir. 1987), *cert. den*., 485 U.S. 1013 (1988).  The reason for this preference is that if the court provisionally admits such statements relying upon the government's assurance that it will later "connect up" the evidence by showing the existence of the predicate conspiracy, and the government fails to do so, undue prejudice may arise by the admission of evidence that otherwise should have been excluded. *See Hernandez, supra* at 993; *James, supra* at 581-82.  Thus, the court is then faced with the prospect of granting a defense motion for a mistrial or the reversal of any conviction upon appeal.

While a defendant "has no distinct right" to a pretrial *James* hearing [*United States v. Hernandez, supra* at 994], unless a substantial reason for departing from the preferred procedure can be articulated, the preferred order of proof should be followed. *United States v. Troutman*, 814 F.2d 1428, 1448 (10th Cir. 1987). If a *James* hearing is not conducted, the trial court must, at least, make preliminary factual findings on the record regarding the admissibility of the statements.  *United States v. Perez*, 989 F.2d 1574, 1580-81 (10th Cir. 1993).

FOR THE FOREGOING REASONS, Defendant Garrison respectfully requests that the government be ordered to file a pretrial proffer of all statements of alleged coconspirators who will not be called to testify at trial, and that the Court order a *James* hearing in the above case.

Respectfully submitted,

s/ Daniel J. Sears
DANIEL J. SEARS, P. C.
Suite 3000, 999 18th Street
Denver, CO 80202
(303) 357 4639
FAX:  (303) 297 2536
Email: djsearspc@aol.com

Attorney for Defendant Garrison

## CERTIFICATE OF SERVICE BY CM/ECF FILING

I hereby certify that a true and correct copy of the foregoing DEFENDANT GARRISON'S MOTION FOR PRETRIAL PROFFER OF STATEMENTS TO BE OFFERED UNDER F. R. EVID. RULE 801(d)(2) AND FOR *JAMES* HEARING was served on the parties to this action by filing said pleading electronically via the CM/ECF filing system this 2d day of June, 2022.

s/ Daniel J. Sears
DANIEL J. SEARS, P. C.
Suite 3000, 999 18th Street
Denver, CO 80202
(303) 357 4939
FAX:  (303) 297 2536
Email: djsearspc@aol.com