IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00014-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JIMMY GARRISON, and
4. JUSTIN WHITE,

    Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter is before me on defendant Justin White's Motion for an Ends of Justice Continuance and Extension of Deadline to File Pretrial Motions, Motion Hearing, and Trial [Docket No. 90]. The motion indicates that the government does not oppose the motion. *Id*. at 4. Co-defendant David Taylor does not oppose the motion.[1] Docket No. 109. Co-defendant Jimmy Garrison states that he would like to confer with co-counsel James Castle, when he returns from vacation on June 12, 2022, before taking a position on Mr. White's motion. Docket No. 103 at 3.[2]

The trial in this matter is set for August 29, 2022. Docket No. 58. In ruling on Mr. Garrison's May 20, 2022 motion to exclude time, I excluded 120 days from March

---

[1] Mr. Taylor filed a Notice of Disposition on June 6, 2022 and is scheduled for a change of plea hearing on June 17, 2022. Docket Nos. 106, 108.

[2] The Court will not wait an undetermined amount of time to rule on the motion so that Mr. Garrison can confer with Mr. Castle, who he has not met, especially when the attorney familiar with this case, Mr. Sears, is available to consult with him.

16, 2022. *Id. at 6.* That 120-day period does not expire until July 14, 2022. In the meantime, Mr. White made his initial appearance on April 25, 2022. Docket No. 69. As a result, a new 70-day period was set for all defendants, *see United States v. Margheim*, 770 F.3d 1312, 1318-18 (10th Cir. 2014), but has not started to run given the exclusion of time on March 8, 2022. Docket No. 58. Thus, there are 70 days remaining in speedy trial for all defendants.

Mr. White's motion is based on the fact that the government has provided discovery on May 12, 2022, which includes 79 gigabytes of information. Docket No. 90 at 1-2. Mr. White has not had an opportunity to review all of the discovery, conduct investigations, or discuss all of the discovery with his attorney. *Id*. at 2.

Mr. White's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047

(10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after the indictment is filed or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill*, 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain

>counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 120 days is justified and necessary to enable counsel for Mr. White to review the discovery, to conduct necessary investigations, to file motions, to consult with his client, and to prepare for trial.

I find that it would be unreasonable to expect adequate preparation by Mr. White, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) and the time already excluded.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) and the time already excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of counsel for Mr. White, failure to grant the motion would deny counsel for Mr. White the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 120 days from July 14, 2022 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that defendant Justin White's Motion for an Ends of Justice Continuance and Extension of Deadline to File Pretrial Motions, Motion Hearing, and Trial [Docket No. 90] is **GRANTED**. It is further

2. **ORDERED** that the pretrial motions deadline, currently set for July 6, 2022, as well as the response deadline, currently set for July 13, 2022, are vacated. All pretrial motions for all defendants shall be filed by **October 27, 2022** and responses to these motions shall be filed by **November 3, 2022**. It is further

3. **ORDERED** that a two-hour James hearing is set for **December 9, 2022 at 9:00 a.m**. It is further

4. **ORDERED** that the government shall exchange with the defendants, and submit to the Court electronically, its James log and the exhibits to the log on or before **October 27, 2022**.  It is further

5. **ORDERED** that the defendants shall file their responses to the James log on or before **November 3, 2022**.  It is further

6. **ORDERED** that the Trial Preparation Conference currently set for August 26, 2022 at 1:30 p.m. is vacated and will be reset for **January 6, 2023 at 3:30 p.m.**  It is further

7. **ORDERED** that the jury trial set for August 29, 2022 is vacated and will be reset for **January 9, 2023 at 8:00 a.m.** for four days.  It is further

8. **ORDERED** that 120 days from July 14, 2022 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED June 13, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge