IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0014-PAB-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  JIMMY GARRISON,

Defendant.

_____

**MOTION FOR EARLY DISCLOSURE OF RULE 404(b) EVIDENCE**
_____

Defendant Jimmy Garrison, through co-court-appointed counsel Daniel J. Sears and James Castle, pursuant to F. R. Evid. Rule 404(a)(1), (b)(1) and (b)(2)(A), the Fifth Amendment Due Process Clause, and the Sixth Amendment rights to effective assistance of counsel and to a fair trial, respectfully requests this Honorable Court to enter an order requiring the United States to disclose to the Defendant and his co-counsel on or before October 10, 2022, any evidence that the United States intends to offer against him at trial under F. R. Evid. Rule 404(b)(2)(A) of crimes or other alleged wrongful acts other than the offenses charged in the Counts 1 and 2 of the Superseding Indictment.

As grounds for said motion, Defendant Garrison hereby states as follows:

**STATEMENT OF CASE**

The Defendant is charged with two counts in a Superseding Indictment to be tried by the jury. He is charged in Count 1, along with three others with, on or about October 30, 2019, in the District of Colorado, unlawfully obstructing, delaying, and affecting, or attempting to do so, commerce as defined in

1

18 U.S.C. §1951, and the movement of articles and commodities in such commerce, by robbery as defined in 18 U.S.C. §1951(b). ECF Document 45 at 1 to 2 of 4. Count 2 alleges that on or about October 30, 2019, in the District of Colorado, Garrison knowingly used, carried and brandished a firearm in relation to a crime of violence as set forth in Count One. *Id.* at 2 of 4. If convicted of Count 1, Defendant Garrison can be sentenced to a term of imprisonment of not more than twenty years. 18 U. S. C. §1951(a). If convicted of Count 2, Garrison can be sentenced to a term of imprisonment of not less than seven years, and if convicted of both Counts 1 and 2, the seven year sentence imposed for conviction of Count 2 shall run consecutive to any term imposed on Count 1. 18 U. S. C. §924(c)(1)(A)(ii) and (c)(1)(D)(ii).

On June 15, 2021, Defendant Garrison appeared with Assistant Federal Public Defender Jared Westbroek, and tendered pleas of not guilty to the charges alleged against him in the Superseding Indictment.[1] He also executed a Discovery Conference Memorandum and Order which provided that Rule 404(b)(3) of the Federal Rules of Evidence requires the government to provide "reasonable" notice of any evidence of other crimes, wrongs, or acts committed by the defendant that it intends to offer at trial. ECF Document 15 at 4 of 10. In the discovery conference memo, the government assured that, if it intends to offer such evidence under Rule 404(b), it will provide such written notice no later than 21 days before trial unless court requires notice be provided earlier. ECF Document 15 at 4 of 10.

On June 13, 2022, the Court granted a motion filed by Co-Defendant Justin White seeking an ends of justice continuance. Only two defendants, White and Garrison, remained in the case. ECF Document 111 at 5 of 6.  It set a deadline for pretrial motions of October 27, 2022, a two-hour *James* hearing for December 9, 2022, commencing at 9:00 a.m., a trial preparation conference for January 6, 2023, at 3:30 p.m., and a four-day jury trial to commence at 8:00 a.m. on January 9, 2023. ECF Document

---

[1] On March 10, 2022, the Colorado Federal Public Defender's Office moved to withdraw from representation, and requested that new CJA counsel be appointed. ECF Document 59. On April 5, 2022, CJA counsel Daniel J Sears, after being appointed by the Court, entered his appearance as counsel for Defendant Garrison. ECF Document 65.

111 at 5-6 of 6. In pretrial discovery provided thus far by the United States, the government's investigation has been far-ranging, involving many federal and state investigative agencies, not only in Colorado, but in the states of Texas and Louisiana, and other jurisdictions, as well.

On June 21, 2021, Denver Police Detective Jared Purdy executed an application for a search warrant to obtain DNA evidence through buccal swabs from the mouth of Defendant Garrison. Exhibit A attached hereto. The application was supported by an affidavit dated June 21, 2021, which was twenty-one pages in length. It purportedly summarized the evidence gathered by investigators in support of its request to obtain the swabs from Garrison's mouth. Exhibit A, pp. 4 to 24 of 24.

In recounting the government's investigation, Purdy described the robbery of a Brinks armored truck at the Bank of Colorado, 5201 South Yosemite Street, Greenwood Village, Colorado, on October 30, 2019. ¶¶6-11, Exhibit A at 5 to 6 of 24. Purdy alleged, in part, that investigators in Texas had discovered that the Nissan Pathfinder used in the Colorado robbery "had been stolen from a Dallas-area auto auction lot (Mannheim)" in the days preceding the Colorado Brinks robbery. ¶21, *Id.* at 10 of 24. Purdy also noted that a black Ford Focus stolen from the same Mannheim car lot had been used in a June 8, 2019, armored truck robbery in Houston, Texas. ¶21, *Id.* at 10 of 24.

Purdy also included information about a Brinks armored truck robbery on October 24, 2019, in Houston, Texas, during which a driver was shot and killed.¶25, *Id.* at 11 of 24. Purdy asserted that investigators "eventually learned that the weapons and method of operation (including the use of follow vehicles) used in the Houston murder and robbery <u>were similar to</u> the method of operation and weapons used by the suspects who committed the robbery in Greenwood Village on October 30, 2019." (Emphasis added). ¶25, *Id.* at 11 of 24.  He contended that investigators, on November 21, 2019, learned that the Houston Police

Department had arrested several persons in the October 24, 2019, murder and robbery case, that the suspects had been followed to Lake Charles, Louisiana, where they were observed attempting to steal an ATM machine by using a log chain, which had packaging similar to a log chain found in the Nissan Pathfinder in Colorado. ¶26, *Id.* at 11-12 of 24. Those arrested in Lake Charles for the October 24, 2019 murder and robbery were Rodney Hill, Harold Oliver, Aje Carter, Quaylon Brown Javarion Davis, and Reginald Simmons. ¶27, *Id.* at 12 of 24.

Text messages extracted from a cellphone seized from Quaylon Brown disclosed that Brown had texted a message to a phone listed to David Taylor on October 27 and 30, 2019.[2] From an Instagram posting on Brown's phone, investigators concluded that Brown had been at the Crowne Plaza hotel at 1450 Glenarm Street, Denver. ¶38, *Id.* at 14 of 24. From another Instagram posting on Brown's phone, Purdy decided that the shoes worn by the person depicted "were consistent with" the shoes worn by Suspect #3 during the Colorado robbery. ¶38, *Id.* at 14 of 24.

Images extracted from Quaylon Brown's iPhone showed a number of weapons which investigators concluded "were consistent with the weapons used during the robbery on October 30, 2019, in Greenwood Village, Colorado". ¶39, *Id.* at 16 of 24. A "group chat" between Quaylon Brown and several other individuals included an ABC News report of the Greenwood Village robbery and some comments by Brown, from which investigators determined that Brown had participated in the Colorado robbery. ¶40, *Id.* at 16 of 24.

Investigation by Houston authorities into an armored truck robbery in Beaumont, Texas, showed movements of the suspects' vehicles, which Purdy proffered were consistent

---

[2] David Taylor was originally a charged Co-Defendant with Jimmy Garrison and Jamarius Jones in the Colorado Brinks robbery. ECF Document 1.

with the methods used by suspects in unspecified armored truck robberies that occurred in Texas and Colorado in 2019.[3] *Id.*

A search warrant was obtained for call detail records from David Taylor's phone. ¶44, *Id.* at 17 of 24. Examination of the records showed that Taylor frequently called a phone listed to Justin White, and that pawn transactions by White disclosed his address as 9888 E. Vassar Drive, Denver, Colorado.[4] ¶45, *Id.* at 18 of 24. The data revealed that White is the registered owner of a black 2014 Nissan Maxima bearing Texas license plate KMY7221. ¶50, *Id.* at 18 of 24. Further review, according to Purdy, showed the Maxima to be in the Houston and Corpus Christi, Texas areas throughout 2019 until early September, in the Aurora, Colorado, area on or after September 16, 2019, and in the vicinity of White's apartment complex on March 3, 2020. ¶¶50-51, *Id.* at 18 of 24.

Purdy included information regarding a Loomis truck robbery in Houston on September 5, 2019. ¶51, *Id.* at 18 to 19 of 24. He proffered that "[t]he method of operation and physical description of the suspects in the September 5, 2019, Loomis robbery in Houston <u>matches</u> the robbery at 5201 S. Yosemite St. on October 30, 2019." (Emphasis added). ¶52, *Id.* at 19 of 24.

On March 6, 2020, Commerce City police officer Michael Kim drove to 9888 E. Vassar Drive to locate the Nissan Maxima registered to Justin White. ¶53, *Id.* at 19 of 24. Kim recognized it "<u>as apparently the same Maxima</u>" seen in the surveillance photos on October 30, 2019. (Emphasis added). *Id.* Investigators opined that it is "<u>the same vehicle</u> seen picking

---

[3] Though Defendant Garrison contends that a number of Purdy's hypotheses and assertions are not supported by articulable evidence, his inclusion of these other acts suggests that the government may intend to proffer this evidence as Rule 404(b) evidence at Garrison and White's joint trial.

[4] Justin White is a charged co-defendant with Jimmy Garrison set for a joint trial on January 9, 2023. ECF Document 111 at 5-6 of 6.

5

up the robbers" in the Colorado robbery. ¶54, *Id.* at 20 of 24. On March 23, 2020, Kim obtained a warrant to obtain historical location data from White's phone.  ¶56, *Id.* at 20 of 24. Three days later, investigators located White's Maxima inside a garage at his Vassar Drive address.  ¶57, *Id.* at 20 of 24. Kim requested officers with the Aurora Police Department to locate the Maxima to impound it "for a search pursuant to a warrant". ¶59, *Id.* at 21 of 24. Before impounding the vehicle, officers observed Justin White and Jimmy Garrison exit a store and walk towards the Maxima. *Id.* White was questioned, the two were released, and the Maxima was impounded and transported to the Denver Police Vehicle Impound Facility. ¶60, *Id.* at 21 of 24.  Purdy suggested that investigators "immediately recognized that Jimmy Garrison <u>matched</u> the physical description of Suspect #3 in the Brinks robbery." (Emphasis added). ¶61, *Id.* at 21 of 24.  He then again asserted that Houston investigators advised that "Jimmy Garrison's name <u>was related to</u> the investigation of an armored car robbery that occurred on June 8, 2019." (Emphasis added). ¶62, *Id.* at 21 of 24.  During the June 8, 2019, Houston robbery, the driver was shot in the arm, the suspects fled in a stolen vehicle which led investigators to another vehicle stolen from the same auto action lot from which the Nissan Pathfinder used in the Colorado robbery had been stolen. ¶62*, Id.,* at 22 of 24.

## ARGUMENT

**DEFENDANT GARRISON MUST BE PROVIDED "REASONABLE" NOTICE IN ADVANCE OF TRIAL OF THE GOVERNMENT'S INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES OR WRONGFUL ACTS SO THAT HE MAY ADEQUATELY PREPARE PRETRIAL MOTIONS AND A TRIAL DEFENSE.**

As evidenced by the allegations in the affidavit in support of the warrant application for Garrison's mouth swabs, and in the pretrial discovery provided by the government, the government has inferred, if not directly alleged, that Defendant Garrison may be connected to, or may have participated in, not only the October 30, 2019, Colorado Brinks truck robbery,

but also the theft in Texas of the Nissan Pathfinder used in the Colorado robbery, the theft of a black Ford Focus used in a June 8, 2019, armored truck robbery in Houston, Texas, an October 24, 2019 Brinks truck robbery also in Houston, in which the driver was shot and killed, the theft of an ATM machine in Lake Charles, Louisiana, an armored truck robbery in Beaumont, Texas, investigated by Houston, Texas authorities, and a Loomis truck robbery on September 5, 2019.

The Colorado U. S. Attorney, in pretrial discovery, has not disclosed the extensive investigative materials conducted by state and federal investigators in Houston and Dallas, Texas, Lake Charles, Louisiana, or in any other jurisdiction either inside or outside of Colorado which provides evidence of any other alleged crimes, acts or wrongs by Defendant Garrison which it intends to introduce against him under F. R. Evid. Rule 404(b).[5]

The discovery provided thus far has been voluminous and very extensive of the various investigations conducted relating to the October 30, 2019, Colorado Brinks robbery by the Greenwood, Village Police Department, the Denver Police Department, the Aurora Police Department, the Commerce City Police Department, the Federal Bureau of Investigation, and other agencies and members of the Rocky Mountain Safe Streets Task Force. The review and analysis of this pretrial discovery relating to the Colorado robbery, alone, by the Defendant, defense counsel and its investigative team has been very time consuming, and essential to the preparation of pretrial motions and an effective defense to be presented at trial.[6]

---

[5] In a recent exchange of Emails, AUSA Dunn has represented that the government does not intend to introduce evidence of any out-of-state armored truck robberies or prior convictions of the Defendants.

[6] Within the last several weeks, Defendant Garrison has been transferred from the GEO detention facility, Aurora, Colorado, to a local holding facility in Fremont, Colorado, which has interfered with his ability to review pretrial discovery, to have access to legal materials,

The deadline for preparing and filing defense pretrial motions is October 27, 2022. If the government intends to proffer evidence of other crimes or wrongful acts other than those charged in the Superseding Indictment, particularly, of other crimes or wrongs alleged to have occurred in Texas, Louisiana, and other diverse locations, the Defendant must be provided sufficient notice by which the Defendant, his counsel, and investigative team may fully review, analyze, and conduct the necessary investigation to enable the preparation of comprehensive and effective pretrial motions, and an effective trial defense. Such preparation may necessarily include travels to distant locations, such as Texas and Louisiana, to determine the veracity of the government's allegations purportedly tying Garrison to these vehicle thefts, armored car robberies, and/or shootings.

### a) *Rule 404(b) notice*

F. R. Evid. Rule 404(b)(1) prohibits the introduction of evidence of any other crime to prove a person's character "in order to show that on a particular occasion the person acted in accordance with the character". Subsection (2) permits the use of such evidence for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The questions to be resolved by the trial jury in this case are whether Garrison participated in the October 30, 2019, Brinks armored car robbery which interfered with commerce, and whether he brandished a weapon in relation to a crime of violence.

Rule 404 has recently been amended by the U. S. Supreme Court. Rule 404(b)(3), Federal Rules of Evidence (as amended 2020). The amendment provides that the prosecutor must provide reasonable notice prior to trial, without any request by the defendant, of any evidence of other crimes, wrongs or acts "so that the defendant has a fair opportunity to meet it . . . " *Id.* The notice must articulate the permitted

---

to receive required physical therapy for an injury incurred during his arrest, and to timely and effectively confer with his legal team.

purpose under the rule for which the government intends to offer the evidence, and the reasoning that supports the admission of the evidence.

The Committee Note advises that the amendment imposes *additional* notice requirements on the prosecution in federal criminal cases. The prosecution must not only identify the evidence it intends to offer, but also <u>the non-propensity purpose</u> for which it is offered. *Id.* This changes the prior requirement that the government need only disclose notice of the "general nature" of the evidence. Notice must be provided by the government sufficiently in advance of trial to provide the defense a fair opportunity to challenge the admission of, and to prepare and present counterveilling, evidence. *Id.*

Rule 404(b)'s prohibition on admissibility finds its origins in the common law protection of criminal defendants from risking conviction on the basis of evidence of his character. *See United States v. Lucas*, 357 F.3d 599, 604-605 (6th Cir. 2004). *See* 22 C. Wright & K Graham, <u>Federal Practice and Procedure: Evidence</u> §5239, at 428, 436-37, 439 (1991). In addressing Rule 404(b)'s restrictions and requirements, the Sixth Circuit in *United States v. Phillips*, 599 F.2d 134 (6th Cir. 1979), noted two fundamental policy concerns: (1) that a jury may convict a bad man who it deems deserving of punishment, not because he is guilty of the crime charged, but because of his prior and subsequent misdeeds; and (2) that the jury will infer that, because the defendant has committed other crimes or wrongs, he probably committed the crime presently charged. *United States v. Phillips, supra* at 136.

The Tenth Circuit has adopted a four-part test in determining whether evidence has been properly admitted under Rule 404(b). That test involves the following requirements: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to F. R. Evid Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Ugalde-Aguilera*, 554 Fed. Appx. 728, 732 (10th Cir. 2014) (*citing United States v. Davis*,

636 F.3d 1281, 1297 (10th Cir. 2011) (*quoting United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (*citing Huddleston v. United States*, 485 U. S. 681, 691-692, 108 S. Ct. 1496, 99 L. Ed.2d 771 (1988); *United States v. Enriquez*, 457 Fed. Appx. 795, 800 (10th Cir. 2012); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). *See also United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002).

The four-part test adopted by the Tenth Circuit is derived from the test for determining admissibility pronounced in *Huddleston*. In determining whether the proffered crimes are similar to the charged conduct, the court considers a number of factors: (1) geographic location, (2) unusual quality of the crime, (3) the skill necessary to commit the crime, (4) use of a distinctive device, (5) geographical and temporal proximity between the crimes, (6) whether the crimes share similar physical elements; and (7) whether the crimes are part of a common scheme. *See United States v. Vaughan*, 450 Fed. Appx. 757, 760-761, 2011 U. S. App. LEXIS 24688 (10th Cir. 2011). The uncharged bad acts must be similar to the crime charged, and sufficiently close in time. *United States v. Zamora, supra* at 762.

Should the reviewing court find that the proffered evidence is both relevant and admissible for a proper purpose, "the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which the inference that the defendant has the propensity to commit the bad act."

> "The Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. In addition, the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or stating Rule 404(b) will not suffice." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985).

WHEREFORE, Defendant Garrison respectfully requests that the Court enter an order requiring the United States to provide notice on or before October 10, 2022, of its intent to proffer evidence of other crimes, wrongs or acts that it intends to offer under F. R. Evid. Rule 404(b).

Respectfully submitted,
s/ Daniel J. Sears
DANIEL J. SEARS, P. C.
999 18th Street, Suite 3000
Denver, CO 80202
Phone: (303) 357 4639
FAX: (303) 297 2536
Email: *djsearspc@aol.com*
Co-counsel for Defendant Garrison

s/ James Castle
CASTLE & CASTLE, P. C.
1544 Race Street
Denver, CO 80206
Phone: (303) 675-0500
Email: jcastlelaw@gmail.com
Co-counsel for Defendant Garrison

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, I served the parties to this action a true and correct copy of the foregoing motion for early disclosure of Rule 404(b) evidence by filing said pleading in the CM/ECF document filing system of the U. S. District Court for the District of Colorado.

s/ Daniel J. Sears
DANIEL J. SEARS, P. C.
999 18th Street, Suite 3000
Denver, CO 80202
Phone: (303) 357 4639
FAX: (303) 297 2536
Email: *djsearspc@aol.com*
Co-counsel for Defendant Garrison