**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0014-PAB-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   JIMMY GARRISON,

Defendant.

_____

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT JIMMY GARRISON'S MOTION FOR EARLY DISCLOSURE OF RULE 404(b) EVIDENCE**
_____

Defendant Jimmy Garrison, through co-court-appointed counsel Daniel J. Sears and James Castle, hereby reply to the United States' response in opposition to Defendant Garrison's motion for early disclosure of Rule 404(b) evidence [ECF Document 134] as follows:

On September 22, 2022, Defendant Garrison filed a motion for early disclosure of Rule 404(b) evidence. ECF Document 132. It sought early notice of the government's intent to introduce evidence of other crimes or bad acts against Defendant Garrison under F. R. Evid. Rule 404(b). The United States, rather than responding to the merits of Garrison's request for early disclosure, completely ignored and disregarded Garrison's proffer of factual bases in support of a showing of good cause for the request and, instead, asserted two baseless and erroneous grounds for its request that the Court deny Garrison's motion.

### a) *The asserted bases for the United States' request for the Court to deny Defendant's motion.*

In the government's response, it stated, in part, that Garrison and Co-Defendant

1

Justin White "have agreed that the government will provide written notice of Fed. R. Evid. 404(b) to the defendant no later than 21 days before trial, which is currently December 19, 2022." (Emphasis added). ECF Document 134 at 1 of 2. There is no factual support for this erroneous assertion. Nowhere in the pleadings filed thus far in this case is there any showing that Garrison and White agreed that the government should provide Rule 404(b) notice 21 days before trial.

First of all, Justin White was not a named defendant in the indictment when Garrison signed the discovery conference memorandum and order on June 15, 2021. See ECF Document 44 (order granting ends of justice continuance dated November 15, 2021 as to Defendants Garrison, Taylor and Jones). Moreover, the Discovery Conference Memorandum and Order signed by Garrison and the United States does not provide for the defendant's "agreement" to a date by which the government will provide Rule 404(b) notice, but, instead, states that the government will provide "reasonable" notice unless, for good cause shown, the court, on motion of the defendant, requires earlier notice. **DISCOVERY CONFERENCE MEMORANDUM AND ORDER, I. DEFENDANT'S REQUEST FOR DISCOVERY AND NOTICE**, ¶(C), ECF Document 15, at 4 of 10.

Defendant Garrison, in his motion for early disclosure, proffered factual evidence to demonstrate good cause for his request for disclosure earlier than the 21 days' notice provided in the Discovery Conference Memorandum and Order. Rule 404(b) similarly provides for "reasonable notice" by the government. F. R. Evid. Rule 404(b)(2)(A).

In further response to Garrison's motion, the government, in a footnote, complained that "[t]here is no indication whether or not defense counsel for Garrison conferred with counsel for codefendant Justin White's ("sic") prior to filing this Motion". ECF Document 134, note 1, at 1 of 2. Counsel for Defendant Garrison is unaware of any requirement in

2

the Colorado U. S. District Court's local rules, or this Judge's judicial practice standards, that requires a defendant's counsel to confer with a co-defendant's counsel before filing a motion for early disclosure of Rule 404(b) evidence. Garrison and White have separate court-appointed defense counsel to represent each of their client's individual rights and interests in this case. There is no joint defense agreement in this case, and there is no requirement that counsel for the separately-charged defendants have a duty to meet and confer before filing pretrial motions seeking individual relief for the two separately-charged defendants.

### b) *The government's complete failure to respond to Garrison's demonstration of good cause for the Court to grant his request for early disclosure of Rule 404(b) evidence.*

The United States, in its response, completely ignored, and failed to respond to, the reasons supporting Garrison's request for early disclosure of Rule 404(b) evidence. First of all, the discovery conference in Garrison's case was held weeks before Garrison had been provided pretrial discovery. As pointed out in Garrison's motion for early disclosure, a review of the voluminous government pretrial discovery revealed that the government investigators from the Greenwood Village Police Department, the Aurora Police Department, the Commerce City Police Department, and the Federal Bureau of Investigation, had conducted a broad and comprehensive investigation of the Brinks armored truck robbery in Greenwood Village in the State of Colorado. In further support of Garrison's showing of good cause for early disclosure, Garrison recited numerous excerpts from the affidavit in support of the government's request for a search warrant to obtain buccal swabs from Garrison's mouth which had been prepared and filed by Denver Police Detective Jared Purdy which digested and summarized the government's overall investigation. In support of his motion, Garrison attached a copy of the Purdy affidavit as

Exhibit A to the motion.

As acknowledged in the Purdy affidavit, the Colorado investigative agencies received reports from law enforcement agencies in other states of various diverse crimes and acts committed by individuals in foreign jurisdictions. For example, Purdy, in his affidavit, included information relating to the theft of a Ford Focus in Houston, Texas, which was purportedly stolen from the same car lot as the Nissan Pathfinder used in the Colorado robbery. He also incorporated a report of an armored truck robbery on October 24, 2019, in Houston Texas, during which the armored truck driver was shot and killed[1], and included another armored truck robbery in Houston on November 21, 2019, in which several persons other than Garrison were subsequently arrested in Lake Charles, Louisiana, where the suspects had been observed trying to steal an ATM machine by using a log chain which purportedly came from packaging similar to that containing a log chain found in the Nissan Pathfinder in Colorado. He also referenced an armored truck robbery in Beaumont, Texas, where the perpetrators' movements and tactics were purportedly similar to those used by robbers in other unspecified armored truck robberies in Texas and Colorado. Information about a Loomis armored truck robbery in Houston on September 5, 2019, was also noted in which Purdy contended that the method of operation, and the physical descriptions of the suspects, "matched" those observed in the Colorado Brinks robbery.

The inclusion of these other crimes and acts by Purdy in his application to obtain swabs from Garrison's mouth which were purportedly similar to, or somehow connected or relevant to the Colorado robbery, certainly suggests to Garrison and his counsel that the

---

[1] The government has conceded in various search warrant applications that Garrison was in Colorado when this crime was committed.

prosecutors in the Colorado case may proffer such evidence as Rule 404(b) evidence in prosecuting the Colorado case.

As argued in the Defendant's motion, if the government intends to offer such evidence as Rule 404(b) evidence in the instant case, the Defendant and his counsel must have sufficient time in advance of trial to fully and independently investigate these diverse alleged crimes and wrongful acts to sufficiently and effectively prepare and argue pretrial motions, and to prepare a trial defense to the charges against Garrison in Counts 1 and 2 of the Superseding Indictment.

If the government does not intend to offer evidence of these other alleged crimes and wrongs in the prosecution of Garrison, its disclosure in response to Garrison's motion would save Garrison and his counsel, and the Court, a great deal of time and resources in avoiding the necessity of having to prepare to defend against these diverse and extraneous crimes and acts. By not responding to the Defendant's factual assertions in support for his request for early disclosure, the government has refused to provide any showing of why Garrison's motion should be granted or denied by the Court.

FOR THE FOREGOING REASONS, Defendant Garrison respectfully requests that the Court enter an order granting Defendant's motion for early disclosure or, in the alternative, directing the United States to respond to the Defendant's proffered arguments and facts in support of his request for early disclosure of Rule 404(b) evidence.

Respectfully submitted,
s/ Daniel J. Sears
DANIEL J. SEARS, P. C.
999 18th Street, Suite 3000
Denver, CO 80202
Phone: (303) 357 4639
FAX: (303) 297 2536
Email: *djsearspc@aol.com*

        Co-counsel for Defendant Garrison

        s/ James Castle
        CASTLE & CASTLE, P. C.
        1544 Race Street
        Denver, CO 80206
        Phone: (303) 675-0500
        Email: jcastlelaw@gmail.com
        Co-counsel for Defendant Garrison

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2022, I served the parties to this action a true and correct copy of the foregoing reply to Government's response to Defendant Jimmy Garrison's motion for early disclosure of Rule 404(b) evidence by filing said pleading in the CM/ECF document filing system of the U. S. District Court for the District of Colorado.

        s/ Daniel J. Sears
        DANIEL J. SEARS, P. C.
        999 18th Street, Suite 3000
        Denver, CO 80202
        Phone: (303) 357 4639
        FAX: (303) 297 2536
        Email: *djsearspc@aol.com*
        Co-counsel for Defendant Garrison