IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-CR-0014-PAB

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JIMMY GARRISON**,

    Defendant.

---

**MOTION TO SUPPRESS UNLAWFULLY OBTAINED EVIDENCE (CELL PHONE RECORDS) AND REQUEST FOR EVIDENTIARY HEARING**

---

Defendant, Jimmy Garrison, through counsel and pursuant to Fed. R. Crim. P. 12(b)(3)(C) and 41(h) and the Fourth Amendment of the U.S. Constitution, respectfully moves the Court to conduct a pretrial evidentiary hearing for the purpose of determining the issues raised by this motion and for entry of an Order suppressing the cell phone records for (281) 409-9818, a phone registered to Mr. Garrison, on the following grounds:

    **I.**    **Background**

On October 30, 2019, an armored car robbery occurred, which is the basis of the charges in this case. Eight months later, on June 4, 2020, law enforcement sought and obtained a search warrant for records regarding phone number (281) 409-9818, a phone registered to Jimmy Garrison. (SW_00000304, attached as Appendix A).

## II. Summary of Argument

The defense asserts that the application for the warrant does not establish probable cause to believe the records sought contained evidence of a crime.

The defense contends that the search warrant issued for the phone records is supported by nothing more than a bare bones application which fails to establish a nexus between the phone records and the suspected crime of robbery. In addition, Mr. Garrison argues that if the court finds that the Application on its face creates probable cause, he is still entitled to an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to test the veracity of the contents of the supporting application. In other words, Mr. Garrison asserts that Det. Monahan, the affiant for the search warrant application, intentionally and knowingly, or with reckless disregard for the truth, omitted material information from the application, which, when re-examined, strip the warrant of any probable cause the court may have found. In addition, the defense asserts that the warrant was overbroad in that it authorized a general search of the phone records.

## III. Applicable Law

To issue a search warrant, a neutral magistrate must find that, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). When a warrant is challenged on its face, the court looks within the four corners of the application to determine whether the warrant is supported by probable cause. *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n.8 (1971), cited in *United States v. Beck*, 139 F. App'x 950, 954 (10th Cir. 2005). To establish probable cause, the application must show a sufficient nexus between the suspected criminal activity or the

evidence sought and the place to be searched. *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000).

Probable cause to search does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the item to be seized to the suspected criminal activity. *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998); *United States v. Roach*, 582 F.3d 1192, 1202 (10th Cir. 2009).

If the court does not find probable cause, the court may analyze whether the good-faith exception to the exclusionary rule applies. *See United States v. Leon*, 468 U.S. 897 (1984) (evidence obtained in violation of the Fourth Amendment by officers acting in objectively reasonable reliance on a search warrant issued by a neutral and detached magistrate need not be excluded from the prosecution's case in chief). But a district court, in its discretion, may proceed directly to the *Leon* good-faith analysis without determining whether the warrant was supported by probable cause. *Danhauer*, 229 F.3d at 1005 (citing *Leon*, 468 U.S. at 924-25).

Under *Leon*, evidence will not be suppressed "if the executing officer acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *Id*. at 1006. "When officers rely on a warrant, we presume they acted in objective good faith." *United States v. Edwards*, 813 F.3d 953, 970 (10th Cir. 2015). The defendant challenging the warrant must overcome that presumption. *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993).

But that presumption has its limits. The Supreme Court recognizes four situations in which an officer would not have reasonable grounds for believing a warrant was

properly issued. *See Leon*, 468 U.S. at 922-23. In these situations, the good-faith exception to the exclusionary rule would not apply. *Id*. First, evidence should be suppressed if the issuing magistrate was misled by an application containing false information or information that the affiant would have known was false if not for his "reckless disregard of the truth." *Id*. at 923. Second, the exception does not apply when the "issuing magistrate wholly abandon[s her] judicial role." *Id*. Third, the good-faith exception does not apply when the application in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. (quotation omitted). Fourth, the exception does not apply when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid. *Id*.

Mr. Garrison relies on two of those exceptions. The first is based on the standard set forth in *Franks*—i.e., when the issuing magistrate "was misled by information in an application that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Leon*, 468 U.S. at 923 (citing *Franks*, *supra*). The second focuses on whether an application is "bare bones"—i.e., when the application in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 n.24 (internal quotation marks and citation omitted) (citing *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975) (Powell, J., concurring in part), and *Illinois v. Gates*, 462 U.S. 213 263-64 (1983) (White, J., concurring in the judgment)).

First, the court must decide whether the defendant has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless

4

disregard for the truth, was included by the affiant in the warrant application[.]" *Franks*, 438 U.S. at 155-56. "The standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods." *United States v. McKissick*, 204 F.3d 1282, 1297 (10th Cir. 2000); *see also United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 2000) (citing *Stewart v. Donges*, 915 F.2d 572, 582 (10th Cir. 1990)).

Second, if the defendant has shown that the warrant application contained affirmative falsehoods or material omissions, the court disregards the false information and adds the material information originally omitted after which the court evaluates whether the warrant would have been issued if the application had been presented to the magistrate in that form. *Franks*, 438 U.S. at 171-72; *Kennedy*, 131 F.3d at 1376; *Stewart*, 915 F.2d at 582 n.13; *United States v. Peterson*, 103 F. Supp. 2d 1259, 1264 (D. Colo. 2000). If, after doing that, "there remains sufficient content in the warrant application to support a finding of probable cause, no hearing is required," and the court may deny the motion to suppress on that basis. *Franks*, 438 U.S. at 171-72.

But if the court finds that the warrant would not have been issued with the application in its altered form, the court must grant the defendant an evidentiary hearing to establish that the information was indeed false. "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the application's false material set to one side, the application's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the application." *Id.* at 155-56.

5

IV.     **Argument**

    a. **The application did not establish probable cause to seize and search the cell phone records and the Affiant omitted material facts from the application.**

The application supporting the search of the cell phone records in this case rests, if at all, on two evidentiary pillars. First, that there was probable cause to believe Mr. Garrison was Suspect #3 in the robbery. Second, that there was probable cause to believe that the phone records seized eight months after the robbery in question contained evidence of that robbery or that material omissions or misrepresentations had been made. Although, as detailed below, there are evidentiary concerns with the conclusion that Mr. Garrison was involved at all in the robbery, the defense concedes for purposes of this motion that the court could find probable cause existed for suspecting Garrison's involvement in the robbery based on the assertion that the grand jury indictment had already been issued. The defense instead argues that there was insufficient probable cause established to suspect these phone records contained evidence of the crime and that the affiant omitted critical information from the application.

   The application supporting the search indicated that the investigators identified the phone number (787) 988-9344 as being associated with Sprint wireless phone number in the name of Jimmy Garrison. ¶84, SW_00000338.[1]

The Application identifies no eyewitnesses to the robbery that indicated the suspects used cell phones in the commission of the crime. The Application does not

---

[1] The Application contains both page numbers and Bates stamps. The defense uses Bates stamps for reference.

6

indicate that a search of the Pathfinder contained evidence of cell phone charging cords or any indicia of cell phone use. The Application contained a confusing paragraph which had a tendency to mislead. It stated:

> Your Affiant reviewed call detail records for David Taylor's Verizon Wireless number of (281) 409-9818 and call detail records for Justin White's A. T.&T. number of (281)733-9616 and observed that there were several hundred communications between (787) 988-9344. (787) 988-9344 listed to a Sprint wireless account in the name of Jimmy Garrison.

¶84, SW_00000338. What the affiant omitted from the Application was that a review of co-defendant David Taylor's phone records demonstrated that he did not use his cell phone during the robbery.  The Application also omits that a review of Taylor's cell phone records also show that Taylor had not placed any calls or texts to the subject phone number, (281) 409-9818, on the day of the robbery, or at any time before the robbery or during the month after the robbery. The Application also omits that the several hundred calls referenced were between friends and co-workers, Jimmy Garrison and Justin White, and none occurred on the day of the robbery or the two days before the robbery while Taylor and codefendant Jones were in Colorado.

On April 27, 2020, 6 months after the robbery, Task Force Officers Kim and Aurora police officers contacted Mr. Garrison. ¶76-77, SW_00000336. The application does not indicate that Mr. Garrison possessed any phone at that time.

The application further indicates that other suspected participants in the robbery did communicate with each other using a group chat the day before and engaged in communications after the day of the robbery using their cell phones. ¶56-61, SW_00000328-331. What was left out of the application, however, was that (281) 409-

7

9818, the phone registered to Garrison, was not part of that group chat. As a result, the application did not establish or even allege that law enforcement had reason to believe a phone number identified as (281) 409-9818 had communications with any of the suspects in the robbery.

The application articulated no factual basis for the affiant's speculative assertion that evidence from the October 30, 2019, robbery would be found in phone records for (281) 409-9818.

In essence, what the application claims as probable cause is nothing more than a hunch that maybe Garrison used his phone before, during and after the robbery, even though a review of White's and Taylor's phone indicated he did not.

> **b. The search warrant was overbroad in its scope and the application did not establish probable cause to search for all the items sought.**

"General warrants," which permit "a general, exploratory rummaging in a person's belongings," are prohibited. *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). To prevent general, exploratory searches, the Fourth Amendment requires "a 'particular description' of the things to be seized." *Id*. (quoting *Coolidge, supra*).

The Fourth Amendment requires that the government describe the items to be seized with as much specificity as the government's knowledge and circumstances allow, and warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized. *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988). Under the severance doctrine, evidence seized pursuant to invalid portions of a warrant must be suppressed, but

8

evidence seized pursuant to the valid portions of a warrant or lawfully seized during execution of the valid portions is admissible. *United States v. Sells*, 463 F.3d 1148, 1161 (10th Cir. 2006).

Here, the application requests a general search of the phone for an almost twelve-month period, between June 6, 2019, and May 1, 2020, without any real explanation why such a protracted period is needed or appropriate. The only statement in the application regarding suspicion of Garrison's involvement in a Texas robbery is:

> Jimmy Garrison's name was **related** to the investigation of an armored car robbery that occurred on June 8, 2019. In that case, a Garda armored car driver was shot in the arm during a robbery. The suspects fled in a stolen vehicle. That stolen vehicle eventually led investigators to another stolen vehicle, found to contain retail receipts with Garrison's name on them. This second stolen vehicle containing the receipts was stolen from the same Mannheim auto auction lot where the Pathfinder (from the Greenwood Village robbery) had been stolen from.[2]

(emphasis added); ¶78, SW_00000337.

This information is hardly sufficient to extend the search back 5 months from before the Brinks robbery. Moreover, no justification is provided for obtaining phone records 7 months after the robbery.

Det. Monahan's conclusory paragraph in warrant application is based entirely on speculation, and his general assertion that criminals sometimes use cell phones, cell records contain data, and that, therefore, there might be a remote possibility that evidence might be located on the phone records, lends no support to a finding of

---

[2] Det. Purdy fails to provide any details or facts showing how Garrison was "related to" the June 8. 2019 armored car robbery, or how the vehicle containing the gas receipts was linked to any robbery.

9

probable cause that a search of Garrison's phone will produce evidence that he participated in the Colorado Brinks robbery.

The application incorporates Attachment B, which in essence sought permission to review every piece of data on the phone. SW_00000346. The application did not state why each category of data might contain evidence of a crime.

Attachment B was not limited to searching the phone for the instant offense but requested that searches be allowed for "evidence, fruits, contraband, and instrumentalities of violations of 18 U.S. C. § 1951 during the periods referenced herein." ¶ II, SW_00000347.

The application requests a general search of the phone for "all information" without limitation. *Id*. The warrant is not limited to the time frame associated with the alleged offense, and seeks to allow law enforcement to search the entire contents of the phone. This is not the particularization required by the Fourth Amendment.

**V.      Conclusion**

An evidentiary hearing is necessary to properly resolve this motion. This Court should conduct such a hearing and, thereafter, issue an Order suppressing the cell phone records as illegally obtained.

WHEREFORE, the Defendant Jimmy Garrison respectfully requests this Honorable Court:

A) Conduct an evidentiary hearing on this motion;

B) Issue an appropriate suppression order;

C) Grant such other and further relief as may be just and proper.

Respectfully submitted,

s/Daniel J. Sears
Daniel J. Sears, PC
999 18th Street, Suite 3000
Denver, CO 80202
Phone: (303) 357-4639
djsearspc@aol.com

s/James Castle
Castle & Castle, PC
1544 Race Street
Denver, CO 80206
Phone: (303) 675-0500
jcastlelaw@gmail.com

_____

CERTIFICATE OF SERVICE
_____

I hereby certify that on this 3rd day of October, 2022, I served a true and correct copy of the foregoing to all parties via U.S. Court ECF filing.

s/James A. Castle
James A. Castle