IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 17-CR-00041-CMA-1

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1.  JIMMY GARRISON,**

    Defendant.

---

### DEFENDANT GARRISON'S SENTENCING STATEMENT

---

Defendant Jimmy Garrison, by and through his counsel, James A. Castle, hereby submits his sentencing statement.

### I.  LEGAL PRINCIPLES

This Court is knowledgeable of the advisory nature of the United States Sentencing Guidelines under current case law, and the fact that the key to sentencing is reasonableness. See 18 U.S.C. § 3553, *Kimbrough v. United States*, 552 U.S. 85-90-91 (2007) and *Gall v. United States*, 552 U.S. 38, 46 (2007). There is no limitation placed on the information concerning the background, character, and conduct of a defendant which a Court may receive and consider for the purpose of imposing a sentence. See 18 U.S.C. § 3661. A Court is given substantial deference in weighing § 3553 factors. See *United States v. Regan*, 627 F.3d 1348, 1354-55 (10th Cir. 2010). As this Court is well aware of all these maxims, further legal analysis is not offered.

### II.  PLEA AGREEMENT

Mr. Garrison pled guilty to Count 2 of the Superseding Indictment charging a violation of 924(c)(1)(A)(ii), Brandishing a Firearm in Furtherance of a Crime of Violence. Mr. Garrison's

guideline range is 84 months. The Probation Department has not identified grounds for a departure or a variance. Doc. No. 172, para. 83-84. The Probation Department, however, has recommended a 120-month sentence, which would represent a 42% increase over the guideline of 84 months.

    The Court is well versed in the intricacies of plea bargaining. The defense and prosecution believed, based on the evidence and motions pending, that the recommendation of 84 months was appropriate. As such, the government has agreed to recommend an 84-month sentence. Doc. No. 157, p. 7.

### III.    FACTORS THAT SUPPORT A DOWNWARD VARIANCE

    a.  <u>Nature and circumstances of the offense</u>

    The defense incorporates by reference the factual objections it raised in its Objections to the Presentence Report (Doc. 173).

    b.  <u>History and Characteristics of the Defendant. 18 U.S.C. § 3553(a)(1)</u>

    The attached report by Laura Koch and accompanying attachments detail mitigating factors.

    c.  <u>Avoiding unwarranted disparities between defendants convicted of similar conduct who have similar records. 18 U.S.C. § 3553(a)(6)</u>

    In this case there were 4 participants in the robbery, and it is unclear from the uncontroverted evidence in the case what the roles of the parties were in relation to the robbery. What is known is what each party has pled guilty to and their criminal histories.

    Mr. Taylor entered into a plea bargain on June 17, 2022, in which he pled to the same charge to which Mr. Garrison has pled; the government has recommended a sentence of 84 months. Mr. Taylor's Criminal History category is VI. Doc. 113, p. 8. Of note is that Mr. Taylor was involved in a robbery before the instant one in which a driver was killed and, after the

robbery in this case, was arrested and convicted of an attempted robbery. Mr. Taylor, from all accounts, appears to be an organizer and leader of several armed robberies and ATM robberies in multiple states. An analysis of a phone obtained from an individual identified as Quaylon Brown established that Mr. Taylor was the ringleader in a number of armed robberies in Texas and the instant offense.

Mr. Jones entered a plea of guilty on February 18, 2022, to Count 1 of the Superseding Indictment charging a violation 18 USC §1951 (a) and 2, Hobbs Act robbery. Pursuant to the plea agreement, the government recommended he be sentenced at the bottom of the guideline range and for his sentence to run concurrent to his Texas Attempted Robbery sentence, which occurred after the conduct in this case. Doc. 55, p. 2. It should also reflect that Mr. Jones' Criminal History Category was III. *Id*. The docket report reflects that on May 22, 2022, Mr. Jones was sentenced to 78 months, to be served concurrent with the 40-month sentence imposed in United States District Court, Eastern District of Texas, Docket No. 1:20-cr-00012-MAC-ZJH. The effect of the concurrent sentence, combined with the unexpired term of Mr. Jones' Texas sentence, is that Mr. Jones will serve 62 additional months on this case. It should be noted that although Mr. Jones claims to be the driver in the armed robbery in this case, he was not the driver in the attempted robbery and he and the occupants of the vehicle stopped in that case were armed with weapons that looked identical to the weapons used in this case.

In sum, the defense urges the Court not to follow the recommended sentence of the probation department, as it would result in giving Mr. Garrison the longest sentence of the three co-defendants when two other defendants had violent relevant conduct both before and after the offense in this case.

Respectfully submitted,

s/James A. Castle
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
f: (303) 329-5500
jcastlelaw@gmail.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 30th day of January, 2023, I electronically filed the foregoing using the CM/ECF system, which will send notification of such electronic filing to all counsel of record.

                s/James A. Castle
                James A. Castle